**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30192 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00043-RFC-1 |
| v. | |
| TIMOTHY M. MORNEAU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and submitted July 29, 2010
Billings, Montana

Before: O'CONNOR, Associate Justice.[**] and THOMAS and W. FLETCHER,
Circuit Judges,

Defendant Timothy M. Morneau was convicted of possession with intent to

distribute ecstasy and conspiracy to possess with intent to distribute ecstacy in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Sandra Day O'Connor, Associate Justice of the United
States Supreme Court (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

violation of 21 U.S.C. §§ 841(a)(1) and 846. He now appeals the pretrial denial of his suppression motion. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

The district court denied Morneau's motion to suppress, holding the initial traffic stop justified based on a broken headlight and the continuation of the stop supported by reasonable suspicion of criminal activity. Morneau here alleges only that the stop was unreasonably prolonged. We review *de novo* the district court's ruling on a motion to suppress and review for clear error the underlying findings of fact. *United States v. Turvin*, 517 F.3d 1097, 1099 (9th Cir. 2008).

After *de novo* consideration, we agree with the district court that the stop was not unreasonably prolonged. A motorist's general expectations in a traffic stop include a records check, *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007) (citing *Berkemer v. McCarty*, 468 U.S. 420, 437 (1984)), which Officer Quinnell conducted in this case. Relying on Supreme Court precedent, this Court has explained, "'[M]ere police questioning does not constitute a seizure' unless it prolongs the detention of the individual, and, thus, no reasonable suspicion is required to justify the questioning that does not prolong the stop." *Mendez*, 476 F.3d at 1080 (quoting *Muehler v. Mena*, 544 U.S. 93, 101 (2005)). Questioning may include inquiries unrelated to the purpose of the stop. *See Turvin*, 517 F.3d at

---

[1] Because the parties are familiar with the factual and procedural background, we recite it here only insofar as it is necessary to understand the disposition.

2

1100. Therefore, questioning that does not extend beyond the completion of a records check does not prolong a stop and need not be supported by reasonable suspicion. Here, the records check for Morneau and the other occupants of the car ended around minute 16 of the stop, which means that all questioning until that time was permissible because it did not extend the duration of the stop.

The issue that remains, therefore, is whether the extension of the stop was justified from minute 16 to minute 34, when the car's owner (a passenger in the car) gave consent for Officer Quinnell to search the car.

Evaluating the totality of the circumstances at minute 16, *id.* at 1101 (determining reasonableness of prolongation of a stop based on a totality of the circumstances analysis), we conclude that the officer had reasonable suspicion to continue questioning the car's occupants. By minute 16, factors that, taken together, amounted to reasonable suspicion included: 1) occupants' nervousness and avoidance of eye contact; 2) Morneau's continued deep sleep (or feigning of sleep) despite cold February Montana air due to an open car window; 3) contradictory stories by the car's other occupants about whether Morneau was a hitchhiker or knew one of them; 4) contradictory stories about the identity of the person they planned to visit in Billings; 5) contradictions about when and where they picked up Morneau; 6) the fact that Morneau—the alleged hitchhiker—knew

3

the name of the person they were to visit in Billings, though neither of the other occupants did, despite the fact that the other occupants each said they were visiting the other's friend; and 7) Morneau's implausible claim that he legally crossed into the United States from Canada on a snowmobile and subsequently had his ID stolen.

In light of these factors, it was reasonable for the officer to prolong the stop from minute 16 to around minute 34 when he obtained consent to search the car. Continued delay after minute 34 and before Morneau's arrest was reasonable in light of the circumstances of this case, including the need to move to the Highway Patrol Office to ensure safety and comfort during the search of the car.

Viewing the "totality of the circumstances" surrounding the stop, the officer's conduct was reasonable, and we therefore affirm the district court's denial of Morneau's motion to suppress.

The judgment of conviction is **AFFIRMED**.